**ALD-153**                                                                     **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1538
_____

IN RE:  JOHNNY MARTINEZ,

Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of the Virgin Islands
(Related to D.V.I. Civ. No. 05-cv-00052)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 31, 2011
Before:  SCIRICA, HARDIMAN AND VANASKIE, Circuit Judges

(Opinion filed :  April 8, 2011 )
_____

OPINION
_____

PER CURIAM

Johnny Martinez petitions for a writ of mandamus directing the District Court to

exercise appellate jurisdiction.  Because that issue remains under consideration by the

District Court and mandamus is not otherwise warranted, we will deny the petition.

I.

Martinez pleaded guilty to second-degree murder and is serving a sentence of

forty-five years in prison imposed by the Virgin Islands Territorial Court.  Martinez

challenged his conviction by filing a habeas petition, which that court denied. He then appealed to the District Court under 48 U.S.C. § 1613a(a). In 2005, the District Court remanded the matter to the Virgin Islands Superior Court (as the Territorial Court is now known) to determine whether a certificate of probable cause should issue. The Superior Court declined to decide that question, and the District Court remanded the matter again in 2008 and closed the appeal.

While the matter remained pending in the Superior Court on remand, Martinez filed a motion in the District Court to "suspend" the probable cause requirement of V.I. R. App. P. 14(b). By order dated November 3, 2010, the District Court concluded that the motion required it to determine whether it will retain appellate jurisdiction after the Superior Court's ruling or, conversely, whether port-remand jurisdiction is now vested in the Virgin Islands Supreme Court instead.[1] The District Court concluded that it would retain appellate jurisdiction and directed the Clerk to reopen the matter. On November 4, 2010, the District Court directed the parties to brief (1) the issue of its appellate jurisdiction, and (2) whether it should certify its ruling on that issue to this Court for immediate appeal.

The District Court later addressed various motions and amended the briefing

---

[1] The Virgin Islands legislature has created a Supreme Court of the Virgin Islands, and appeals from the Superior Court that formerly would have been taken to the District Court now are taken to the Virgin Islands Supreme Court. See Pichardo v. Virgin Islands Comm'r of Labor, 613 F.3d 87, 94 (3d Cir. 2010). As explained below, the question of whether the District Court retains post-remand jurisdiction in this case is not currently before us.

schedule. Then, on January 4, 2011, it entered sua sponte an order that reads in its entirety: "It is hereby ORDERED that the Order entered November 3, 2010, which held that this Court may exercise jurisdiction over this appeal post-remand, and further ordered that the Clerk of the Court reopen this matter, is VACATED." (Docket No. 68.) That order was followed by a "text only" docket notation that an "order dismissing case" had been entered. (Docket No. 69.) Martinez filed a notice of appeal from the January 4 order and the appeal was assigned C.A. No. 11-1169.

On January 21, 2011 (the same day Martinez's appeal was docketed in this Court), a notation was placed on the District Court docket stating as follows: "DOCKET ENTRY NO. 69, dismissing this matter was inadvertently entered, due to clerical error. This case remains under consideration by the Appellate Division of the District Court." (Docket No. 72.) Thereafter, this Court notified the parties that it would consider whether the appeal at C.A. No. 11-1169 should be dismissed for lack of appellate jurisdiction. Martinez filed a response asserting that this Court has jurisdiction under the collateral order doctrine. He also filed, in the alternative, the mandamus petition at issue here. In that petition, Martinez requests a writ of mandamus directing the District Court to exercise post-remand appellate jurisdiction over the denial of his habeas petition. After Martinez filed his appeal, the Superior Court finally issued a certificate of probable cause, and the District Court has since amended the briefing schedule and scheduled Martinez's appeal for further consideration on May 13, 2011. (Docket No. 78.)

3

II.

The first issue we must address is whether we have appellate jurisdiction over the District Court's January 4 order. We conclude that we do not. Subject to exceptions not relevant here, our jurisdiction under 28 U.S.C. § 1291 and 48 U.S.C. §1613a(c) is limited to reviewing the "final decisions" of the District Court.[2] A final decision "ends the litigation on the merits and leaves nothing . . . to do but execute the judgment." Hodge, 359 F.3d at 318 (internal quotation marks and citation omitted). Under the collateral order doctrine, an otherwise non-final decision may be deemed final if, among other things, it conclusively determines a disputed question. See id. at 319.

In this case, the District Court's January 4 order states merely that its earlier order of November 3 was "vacated." The District Court's reason for entering the January 4 order is not entirely clear, but what is clear is that it neither terminated the case nor ruled on its appellate jurisdiction. Instead, the January 4 order does not address the District Court's jurisdiction, and the District Court subsequently amended the briefing schedule and scheduled Martinez's appeal for further consideration. Thus, both the District Court's jurisdiction and Martinez's appeal itself remain under consideration by the District Court. For that reason, we are entering an order contemporaneously herewith

---

[2] Our jurisdiction to review orders of the Virgin Islands District Court lies under 48 U.S.C. § 1613a(c), but "our cases have uniformly held that 48 U.S.C. § 1613a(c) has the same requirements for appealability as 28 U.S.C. § 1291." Government of the Virgin Islands v. Hodge, 359 F.3d 312, 317 (3d Cir. 2004).

4

dismissing Martinez's appeal at C.A. No. 11-1169.[3]

For much the same reason, we will deny his mandamus petition.  Mandamus is an extraordinary remedy that we may grant only when the petitioner has a clear right to relief and no other adequate means to obtain it.  See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).  It is not available when the petitioner can obtain adequate relief on appeal.  See id.  In this case, Martinez seeks a writ of mandamus solely to compel the District Court to exercise appellate jurisdiction over the denial of his habeas petition.  In other words, he seeks a legal ruling that the District Court in fact has such jurisdiction. He apparently does so in the alternative to an appeal on the mistaken belief that the District Court already has decided otherwise.  As explained above, however, briefing on the issue is ongoing and the issue remains open, as does the possibility that the District Court might certify its jurisdictional ruling for immediate appeal.  Martinez has not alleged any excessive delay in resolving the issue or any other circumstance that might render his appellate remedy inadequate, and we discern none.  Accordingly, we will deny the mandamus petition.  Martinez's motion for counsel in this Court is denied as well.

One final matter warrants mention.  Some seven years have passed since the Territorial Court denied Martinez's habeas petition and the merits of that ruling have yet

---

[3] The "text only" docket notation of January 4, 2011 (Docket No. 69) might have suggested that the January 4 order (Docket No. 68) was final, but the notation was later corrected by the docket notation of January 21, 2011 (Docket No. 72).  We need not consider whether the January 21 notation constitutes the correction of a "clerical error" in an order under Fed. R. Civ. P. 60(a) because the January 21 notation refers only to the January 4 notation, which is separate from and not part of the January 4 order from which

to be addressed on appeal.  Martinez has not sought mandamus relief on the basis of this delay, and we presently have no occasion to address it.  We note, however, that there is no reason for the delay to continue.  The Superior Court now has granted a certificate of probable cause, the District Court has issued a briefing schedule, and the proceeding otherwise appears to be on track.  We are confident that the District Court will resolve the issues before it in due course.